UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                            :
INDIANA CRUZ BELLO,                                         :
                                                            :       25 Civ. 7466 (PAE)
                                          Plaintiff,        :
                                                            :       ORDER
            -v-                                             :
                                                            :
ALDO U.S. INC. and 29 WEST 34 OWNER LLC,                    :
                                                            :
                                          Defendants.       :
                                                            :
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

On September 9, 2025, plaintiff filed the complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1. The complaint states that Aldo U.S. Inc. and 29 West 34 Owner LLC are both limited liability corporations ("LLC") and limited liability partnerships ("LLP"). *Id.* ¶¶ 9–10, 20–21. For diversity purposes, an LLC "takes the citizenship of each of its members," *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48–49 (2d Cir. 2012), and an LLP takes the citizenship of each of its general and limited partners, *see Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). But although the complaint alleges that defendants are incorporated in Delaware, Dkt. ¶¶ 5, 16, it does not allege the citizenship of the defendants' members or partners.

To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file an amended complaint, which must clearly state whether each defendant is in fact an LLC or LLP. If either or both are LLCs, the amended complaint must allege the citizenship of natural persons who are partners of the LLC(s) and the place of incorporation and principal place of business of any corporate entities that are partners of the LLC(s). If either or both

1

defendants are LLPs, the amended complaint must allege the citizenship of all members of the LLP(s), including both general and limited partners. If plaintiff is unable to amend the complaint to allege truthfully complete diversity, then the complaint will be dismissed, without prejudice, for want of subject matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."). To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file an amended complaint.

Accordingly, in the interests of justice, the Court grants plaintiff leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2) in this case by September 17, 2025.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 11, 2025
       New York, New York